**NOT FOR PUBLICATION**

<pre>
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

                                   :
QURAN McCLARY,                     :
                                   : Civil Action No. 06-2436 (JAG)
          Petitioner,              :
                                   :
     v.                            :      O P I N I O N
                                   :
RONALD H. CATHEL,                  :
          et al.,                  :
                                   :
          Respondents.             :
_____:
</pre>

**APPEARANCES:**

    QURAN McCLARY, PETITIONER pro se
    #275402
    New Jersey State Prison
    Trenton, New Jersey 08625

**GREENAWAY, JR., District Judge**

On May 30, 2006, Petitioner QURAN McCLARY (hereinafter "Petitioner"), currently confined at the New Jersey State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"). See Docket Entry No. 1. On the basis of Petitioner's application to proceed in forma pauperis, this Court granted Petitioner's in forma pauperis application on June 20, 2006. See Docket Entry No. 2. On the basis of the Limited Answer provided by Respondents on July 27, 2006 (hereinafter

"Answer"), see Docket Entries Nos. 3 and 4, this Court deemed Petitioner's application timely.  See Docket Entry No. 5.

Since Petitioner filed his application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, this Court was required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner that, under the Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA"), petitioners challenging the legality of their detention, pursuant to the judgment of a State court, must marshal in one § 2254 application all the claims they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date upon which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).

On August 9, 2006, this Court issued an order (hereinafter "August Order") advising Petitioner of Petitioner's rights under Mason v. Meyers, namely the right to have Petitioner's Petition ruled upon as is (hereinafter "Option (A)"), or to withdraw his Petition and file one all-inclusive § 2254 application subject to the one-year statute of limitations (hereinafter "Option (B)"). See Docket Entry No. 5.

In view of the shortcomings of Petitioner's Petition, this Court supplemented the August Order by (a) pointing out that the

2

Petition provided this Court with neither the facts supporting Petitioner's grounds nor any statement regarding what Petitioner's rights under the Constitution of the United States and/or federal laws were violated during Petitioner's conviction and/or sentence; and (b) providing Petitioner with guidance as to how these shortcomings should be cured if Petitioner chooses Option (A).  See Docket Entry No. 5.

In response to this Court's August Order, Petitioner submitted his response (hereinafter "Response") stating as follows:

> Petitioner. . . accepts [the O]ption (B) [to] withdraw Petitioner's pending [Petition] and [to] file one all-inclusive [§] 2254 application, subject to the one year statute of limitations. . . . Petitioner, [however,] makes a motion to stay. . . . Petitioner seeks this motion to stay to bring . . . a second [post-conviction relief application with respect to the performance of Petitioner's post-conviction relief] counsel [in which Petitioner intends to assert] ineffective assistance of counsel [on the basis of the counsel's] fail[ure] to raise [the] four . . . claims [set forth] in Petitioner's [P]etition. . . . Petitioner . . . asks this [C]ourt for [a] stay of his Petition while [P]etitioner [is] exhausti[ng] . . . [s]tate remedies [under] Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).  If this Court denies the motion to stay[,] . . . [t]hen Petitioner . . . asks this Court to accept Petitioner's [O]ption (B) [in line with this] Court's Order filed August 8, 2006.  However, due to the prison lock[-]down [that started on August 4, 2006, and may continue] indeterminate[ly,] Petitioner is [left] without the use of the prison law library[] or [any] other means [to] obtain[] legal material or copies.  Therefore, the one year [period of] limitation[s] would have to be extended.

Resp. §§ 3-9.

**DISCUSSION**

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court authorized a district court to stay a mixed § 2254 petition under limited circumstances.[1] Reversing the Eighth Circuit's decision that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court, the Supreme Court observed that,

> [i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review.  For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 275.

The Rhines Court held that a district court has the authority to stay a mixed petition only when a stay would be compatible with the AEDPA's purposes.  See id. at 276. Specifically, the Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure

---

[1] Petitioner relies on Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), for the purposes of requesting the stay.  See Resp. at 2. The holding in Crews was, however, superseded by the Supreme Court's holding in Rhines.

4

to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278.

Petitioner's Response informs this Court that, exercising his rights under Mason v. Meyers, 208 F.3d 414, Petitioner chooses the Option (B), that is, withdrawal.  Petitioner simultaneously requests a stay of Petitioner's Petition, asserting that he needs the stay in order to exhaust a claim regarding the ineffective assistance of counsel on his post-conviction relief application. However, the AEDPA provides that "[t]he ineffectiveness of counsel during the post-conviction proceedings cannot be used as grounds for post-conviction relief."  28 U.S.C. ¶ 2254(i).  Therefore, Petitioner's asserted unexhausted claim is not meritorious, and his request for stay will be denied.  See Rhines, 544 U.S. at 278.

In addition, it is the obligation of Petitioner to calculate his statute of limitations period properly, and all applicable tollings.  This Court has no authority to grant Petitioner an "extension" to his period of limitations in advance.

Finally, if this Court were to construe Petitioner's Response as Petitioner's amended petition and as Petitioner's choice of the Option (A) (indicating a request to rule on the

Petition "as is" under <u>Mason v. Meyers</u>, 208 F.3d 414), Petitioner's application would be subject to <u>sua sponte</u> dismissal for failure to state federal grounds for Petitioner's claims and/or failure to state supporting facts.  <u>See</u> 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3); <u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2566 (2005) ("Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a . . . detailed statement.  The habeas rule instructs the petitioner . . . to "state the facts supporting each ground"); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); <u>Engle v. Isaac,</u> 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts").

6

## **CONCLUSION**

For the reasons expressed above, this Court (1) grants Petitioner's request to withdraw and dismisses Petitioner's § 2254 Petition WITHOUT PREJUDICE to the filing of a new petition, subject to the applicable statute of limitations requirements, and (2) denies Petitioner's application for a stay.

An appropriate Order accompanies this Opinion.


Dated:   February 20, 2007


                                          S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.